```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
EDWARD E. BROWN,                                      :
                                                      :
                       Plaintiff,                     :
               -against-                              :
                                                      :       10 Civ. 8469 (PAC) (RLE)
                                                      :
TIME WARNER CABLE, and                                :
JULIO LARROSA,                                        :
                                                      :
                       Defendants.                    :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 3, 2011

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se plaintiff Edward E. Brown ("Brown") brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL"), against defendants Time Warner Cable Inc. ("TWC") and Julio Larossa (collectively, "Defendants"). Brown alleges that Defendants discriminated against him and terminated his employment in retaliation for filing a complaint against TWC with the New York State Department of Human Rights (the "NYSDHR complaint").

Defendants move to dismiss Brown's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(i). On July 18, 2011, Magistrate Judge Ronald Ellis issued a Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part Defendants' motion. The parties filed timely objections. The Court has reviewed the R&R, as well as the parties' objections. For the reasons that follow, the Court adopts Magistrate Judge Ellis's recommendations; Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

# BACKGROUND[1]

## I.     Facts

In June 2008, TWC offered Brown a job as a Regional Operations Center Operator ("RNOC Operator") contingent upon the satisfactory completion of a background check.  TWC hired a third party contractor to conduct the background check, which mistakenly reported that Brown had a felony conviction for criminal possession of a controlled substance.  On July 14, 2008, TWC rescinded Brown's offer of employment for failure to disclose the conviction in his employment application.

On March 13, 2009, Brown filed a NYSDHR complaint regarding TWC's failure to hire him.  On March 26, 2009, TWC, having determined that the report of Brown's felony conviction had been a mistake, offered Brown a RNOC Operator position.

On April 17, 2009, Brown began a ninety-day probationary period at TWC.  Brown alleges that shortly after he began working at TWC, Defendants undermined his performance in various ways in retaliation for having filed a NYSDHR complaint.  On July 21, 2009, TWC terminated Brown's employment at the end of the probationary period.

## II.    Procedural History

On July 22, 2009, Brown filed a second complaint with the NYSDHR alleging that TWC discriminated against him during his employment and terminated him in retaliation for his previous complaint.  On September 3, 2010, Brown obtained a Dismissal and Notice of Rights letter from the Equal Employment Opportunity Commission.

On November 1, 2010, Brown filed this action.  On March 28, 2011, Defendants moved to dismiss Brown's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1]  The facts are taken from the R&R.

**III.     Magistrate Judge Ellis's R&R**

On July 18, 2011, Magistrate Judge Ellis issued a R&R recommending that the Court grant in part and deny in part Defendants' motion.

*A. Brown's Retaliation Claim*

To establish a prima facie case of retaliation, an employee must show: (1) the employee engaged in a protected activity; (2) the employer knew of this activity; (3) the employer took adverse action against the employee; and (4) there was a causal relationship between the adverse action and the employee's protected activity.  Cifra v. Gen Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001).

Magistrate Judge Ellis found that Brown pled a plausible retaliation claim.  (R&R 6.)  Brown alleged he engaged in a protected activity by filing his NYSDHR complaint and suffered an adverse employment action when TWC made his working conditions difficult and terminated his employment. (Id.)  Magistrate Judge Ellis found that the four-month time lapse between Brown's NYSDHR complaint and his termination provides sufficient temporal proximity to support an inference of causation.  (Id. (citing Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009) (finding a six-month lapse between plaintiff's protected activity and the allegedly retaliatory conduct sufficient to support an inference of causation)).)

Magistrate Judge Ellis considered Defendant's argument that it was "implausible" that TWC would hire Brown while his discrimination charge was pending, only to have the opportunity to retaliate against him.  (Id. (citing Defs. Mem. 7-8).)  He found that "at this early stage in the proceedings, it is not improbable that Defendants—recognizing that Brown may have had a strong hiring-discrimination claim—offered him the job to undermine his complaint, and that they intended to terminate as soon as the complaint was dismissed and his probationary review was over."  (R&R 7.)  Magistrate Judge Ellis noted that Brown's NYSDHR complaint was dismissed less than a week after he started working, and that Brown alleged that Defendants undermining activity began almost immediately after he started working.  (Id.)

3

Accordingly, Magistrate Judge Ellis recommended that Defendants' motion be denied with respect to Brown's retaliation claim. (Id. 8.)

 B. *Brown's Disparate Treatment Claim*

To establish a prima facie case of disparate treatment, a plaintiff must show: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment decision was made under circumstances giving rise to an inference of discrimination on the basis of membership in a protected class. Mario v. P & C Food Markets, Inc., 313 F.3d 758, 767 (2d Cir. 2002).

Magistrate Judge Ellis found that Brown failed to plead sufficient facts to show that he suffered an adverse employment action under circumstances giving rise to an inference of discrimination based on his membership in a protected class. (R&R 9.) Brown's allegations do not relate to his race. (Id.) Rather, Brown alleged that Defendants' discriminatory behavior was motivated by their mistaken belief that he was a convicted felon and by his decision to file a complaint against them. (Id.) Accordingly, Magistrate Judge Ellis recommended that Defendants' motion be granted with respect to Brown's disparate treatment claim. (Id.)

 C. *Brown's Hostile Work Environment Claim*

Although the Amended Complaint does not explicitly allege discrimination based on a hostile work environment, Magistrate Judge Ellis liberally construed this to be one of Brown's claims. (R&R 10.) A hostile work environment exists where the workplace is sufficiently permeated with "discriminatory intimidation, ridicule, and insult." Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 240-41 (2d Cir. 2007). To establish a hostile work environment, a plaintiff must demonstrate that he was subjected to hostility because of his membership in a protected class. Id. Magistrate Judge Ellis found that Brown "failed to make any factual allegations that he was subject to racially motivated intimidation or ridicule, or that he was treated differently than other similarly situated employees."

4

(R&R 10.) Accordingly, he recommended that Defendants' motion be granted with respect to Brown's hostile work environment claim.

## DISCUSSION

### IV. Standard of Review for a Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections…the Court will review the Report strictly for clear error….Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

### V. The Parties' Objections

The parties filed timely objections to the R&R. The Court reviewed these objections and finds them without merit.

*A. Brown's Objections*

Brown objects to Magistrate Judge Ellis's recommendations that Brown's hostile work environment and disparate treatment claims be dismissed. Brown concedes that "no one else was signaled out and treated in a degrading and inhumane manner," but argues that "the intensity of the foul treatment" supports his claims. (Brown Objections 2.) As an example of "foul treatment", Brown refers the Court to his allegations that Defendants caused his computer software problems. (Id. 3.) Brown's objection letter, however, like his Amended Complaint, contains no plausible factual allegations to suggest that Brown was discriminated against based on his race, or was subjected to a hostile work

5

environment on account of his race, or was treated differently than other similarly situated employees. As a result, the Court finds Brown's objections without merit.

*B. Defendants' Objections*

Defendants raise three objections to Magistrate Judge Ellis's recommendation that Defendants' motion be denied with respect to Brown's retaliation claim. Specifically, Defendants argue that the R&R: (1) failed to analyze Brown's retaliation claim under the higher degree of scrutiny required under 28 U.S.C. § 1915(e)(2)(B)(i); (2) improperly applied a temporal proximity analysis without taking into account TWC's intervening act of hiring Brown; and (3) assumed facts that are not pled in the Amended Complaint. (Defs. Objections 1.)

First, Defendants argue that Magistrate Judge Ellis liberally construed and drew favorable inferences from Brown's Amended Complaint in finding that "it is not improbable" that Defendants offered Brown a job to "undermine his complaint" and intended to terminate him as soon as his NYSDHR complaint was dismissed. (Id. 3-4 (citing R&R 7).) Defendants argue that this inference is not supported by the allegations in Brown's Amended Complaint and ignores the heightened pleading requirements in 28 U.S.C. § 1915(e)(2)(B)(i), which applies because Brown is proceeding in forma pauperis. (Id.) Under 28 U.S.C. § 1915(e)(2)(B)(i), a court has the authority to dismiss claims premised on an "indisputably meritless legal theory" or "claims whose factual contentions are clearly baseless." See Nietzke v. Williams, 490 U.S. 319, 327 (1989). Defendants argue that under this standard Brown's retaliation claim should have been dismissed as "frivolous" and "malicious." (Defs. Objections 4-5.)

A court's authority to dismiss baseless claims under 28 U.S.C. § 1915(e)(2)(B)(i) does not undermine its obligation to construe a pro se complaint liberally. See Green v. County of Monroe, 423 Fed. App'x 98, 99 (2d Cir. 2011). The Court finds that Brown's retaliation claim is not premised on an indisputably meritless theory or factual contentions that are clearly baseless. Rather the Court finds that Brown stated a plausible prima facie retaliation claim by alleging that: (1) he filed a complaint with the

NYSDHR, which is a protected activity; (2) TWC knew of Brown's NYSDHR complaint;[2] (3) TWC made his working conditions difficult and terminated his employment; and (4) that four months passed between Brown's NYSDHR complaint and his termination, which provides sufficient temporal proximity to establish a causal connection at this juncture.

Second, Defendants argue that Magistrate Judge Ellis improperly applied a temporal proximity analysis "without taking into account TWC's intervening act of hiring Plaintiff, which destroys any causal connection." (Defs. Objections 1, 5-6.) This argument is incorrect: Magistrate Judge Ellis specifically considered Defendants' argument that TWC's offer of employment was inconsistent with retaliatory intent. (R&R 7.) Indeed he found, and this Court agrees, that "at this early stage in the proceedings, it is not improbable" that Defendants hired Brown to undermine his NYSDHR complaint and intended to firing him after his complaint was dismissed and his probationary review was over. Under this theory, and at this stage of the proceedings, and construing the complaint liberally, hiring Brown was not an "intervening causal event" that destroys the causal connection, but rather part of Defendants' plan to have the NYSDHR complaint dismissed and then to terminate Brown's employment. Brown's allegation that almost immediately after he began working, Defendants undermined his performance in various ways (Am. Compl. 5 at 5-7) is consistent with this theory.

Defendants also argue that a four-month time lapse between Brown's NYSDHR complaint and his termination is "tenuous" for the purpose of a retaliation claim. (Id. 5-6.) While Defendants cite to a number of cases where courts found causation to be insufficient where there was a four-month, or shorter, time lapse between the protected activity and adverse action, all of those cases were decided on summary judgment, not on a motion to dismiss. "[R]etaliation claims are rarely dismissed *pursuant to*

---

[2] In two footnotes, Defendants argue that Defendant Larrosa had no knowledge of Brown's NYSDHR complaint, and therefore Brown's retaliation claim should be dismissed. (Defs. Objections 5 nn.1, 2.) This Circuit has never held, however, that to satisfy the knowledge element in a retaliation claim that "anything more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity." Gordon v. New York City Board of Education, 232 F.3d 111, 116 (2d Cir. 2000). Brown repeatedly alleged that the Defendants knew of the mistaken felony conviction (see, e.g., Am. Compl. 5); and the attachments to Defendants' motion papers make clear that TWC was aware of Brown's NYSDHR complaint (see, e.g., Chapman Decl., Ex. I.).

*Rule 12(b)(6)* where the plaintiff has alleged a time period of less than one year between the protected activity and the alleged retaliatory conduct." Lindner v. International Business Machines Corp., No. 06 Civ. 4751(RJS), 2008 WL 2461934, at *7 (S.D.N.Y. June 18, 2008) (emphasis added). The Court finds that the four-month time lapse between Brown's NYSDHR complaint and his termination, particularly in light of the allegations that Defendants undermined Brown's performance during those four months, is sufficient to satisfy the causation requirement. See id.

Finally, Defendants argue that Magistrate Judge Ellis erred in basing his finding "on a possible quid pro quo between Defendants and the NYSDHR with respect to TWC's hiring of Plaintiff and the NYSDHR's dismissal of Plaintiff's discrimination charge." (Defs. Objections 7-8.) This argument misstates Magistrate Judge Ellis's recommendation. The R&R does not refer to or suggest the existence of any quid pro quo, but rather states that it is "not improbable" that TWC offered Brown a job in its own attempt "to undermine his complaint." As discussed above, this Court agrees with Magistrate Judge Ellis's conclusion and finds that it is not based on a speculative theory or refuted by the administrative record.

Accordingly, the Court finds Defendants' objections without merit.

The Court has reviewed the portions of the R&R to which no objections were raised and finds no clear error.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED with respect to Brown's discrimination and hostile work environment claims and DENIED with respect to Brown's retaliation claim. Brown's retaliation claim is referred to Magistrate Judge Ellis for any other general pretrial matters and dispositive motions.

Dated: New York, New York
October 3, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Sent To:

Edward Brown
P.O. Box. 1147
Long Island City, NY 11101