USDC SDNY
DOCUMENT
ELECTRONICALLY FILE:
DOC #:
DATE FILED: 5-2-12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EDWARD E. BROWN,

                        Plaintiff,

           - against -

TIME WARNER CABLE, INC., et al.,

                   Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

**REPORT AND**
**RECOMMENDATION**
**10 Civ. 8469 (AJN) (RLE)**

**To the HONORABLE ALISON J. NATHAN:**

## I. INTRODUCTION

Before the Court is Defendants' letter motion to dismiss *pro se* Plaintiff Edward Brown's Complaint for failure to prosecute. (Defs.' Ltr., Jan. 23, 2012, Doc. No. 59 ("Defs.' Ltr.").) Brown has failed to comply with the Court's directives regarding discovery, and has been obstinate during the discovery period.  Further, Brown has failed to respond to the Court's Order to Show Cause issued on January 31, 2012.  For the reasons that follow, I recommend that Brown's claims be **DISMISSED without prejudice** for failure to prosecute.

## II. BACKGROUND

Brown brings this action against Defendants Time Warner Cable, Inc. and Julio Larrossa ("Time Warner") for violations of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. (*See* Compl., Doc. No. 2.)  He asserts that Time Warner terminated his employment in retaliation for his filing a previous discrimination claim against it. (*Id.* at 5.) Brown filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 17, 2009, and the EEOC issued him a notice of right to sue on September 3, 2010. (*Id.* at 4, 8.)

Brown filed an Amended Complaint on January 4, 2011, accusing Time Warner of "malicious inhumane" discrimination. (Am. Compl., Jan. 4, 2011, Doc. No. 7.)

On January 4, 2012, in a telephone conference with the Parties, the Court ordered Brown to cooperate with Defendants' counsel's discovery requests, including providing releases for medical and tax records. The Court advised Brown of his discovery obligations, but did not impose sanctions at that time, and Brown indicated that he would cooperate. (Tr., Jan. 4, 2012 Ph. Conf., Doc. No. 63.) Shortly thereafter, the Court issued an Order directing Brown to submit answers to Time Warner's First Interrogatories on or before January 18, 2012. (Doc. No. 52.) Brown failed to provide the signed releases or answers to the Interrogatories. Having been informed of Brown's failure to comply with the January 4, 2012 Order, the Court issued an Order to Show Cause on January 30, 2012, directing Brown to show cause on or before February 15, 2012, why his case should not be dismissed. Brown did not respond to the Order or otherwise contact the Court. Defendants request that the Court dismiss Brown's claims based on his failure to comply with the Court's orders or his discovery obligations. (Defs.' Ltr.)

## III. ANALYSIS

"Dismissal of a pro se litigant's action may be appropriate so long as a warning has been given that non-compliance can result in dismissal." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)) (internal quotation marks omitted). A plaintiff has an obligation to diligently prosecute his case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "If the plaintiff fails to prosecute or comply with [. . .] a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Even in the absence of a motion by defendant, a district court has the inherent power to dismiss a case for failure to prosecute. *See*

*Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962).  In considering whether an action

should be dismissed for failure to prosecute, courts consider the following factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that
> further delays would result in dismissal, (3) whether the defendant is likely to be
> prejudiced by further delay, (4) whether the [judge] has taken care to strike the balance
> between alleviating court calender congestion and protecting a party's right to due
> process and a fair chance to be heard . . . and (5) whether the judge has adequately
> assessed the efficacy of lesser sanctions.

*Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (internal quotation marks and

citations omitted).

Here, Brown has refused to comply with multiple Court orders, despite several warnings

of dismissal, including an Order to Show Cause.  (Doc. No. 54.)  Additionally, Brown has not

provided the records and releases discussed during the January 4, 2012 telephone conference,

nor has he responded to discovery requests that were specifically ordered by the Court.  (Defs.'

Ltr.)  Further, Brown refused to answer questions during his February 15, 2012 deposition

regarding his medical records as they pertain to his claims in this case.  (Doc. No. 60.)  The

Court has repeatedly discussed with Brown his obligations in this litigation, and Brown has

failed to comply, leading to further delays of the litigation.  The Court finds lesser sanctions are

not adequate because Brown has failed to demonstrate his willingness to comply with the

Court's orders.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff Edward Brown's action

be **DISMISSED without prejudice** for failure to prosecute.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have

fourteen (14) days after being served with a copy of the recommended disposition to file written

objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of

the Court and served on all adversaries, with extra copies delivered to the chambers of the

Honorable Alison J. Nathan, 500 Pearl Street, Room 615, and to the chambers of the

undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a

waiver of those objections both in the District Court and on later appeal to the United States

Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and

Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. §636(b)(1) (West Supp.

1995); FED. R. CIV. P. 72, 6(a), 6(d).

**DATED: May 2, 2012**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Pro Se Plaintiff:
Edward E. Brown
P.O.Box 1147
Long Island City, NY 11101

Defendants:
Arthur Patrick Xanthos
Gartner Bloom & Greiper, P.C.
801 2nd Avenue, 15th Floor
New York, NY 10017

Nathan D. Chapman
Wargo & French, LLP
999 Peachtree Street, Ne, 26th Floor
Atlanta, GA 30309