```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 2 0 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EDWARD E. BROWN,
                    Plaintiff,

        -v-                                        10 Civ. 8469 (AJN) (RLE)

                                                    ORDER

TIME WARNER CABLE INC., and
JULIO LARROSA,
                    Defendants.
-------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

       On November 1, 2010, *pro se* Plaintiff Edward Brown initiated this action by filing a Complaint alleging that Defendants had discriminated against him in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* (Dkt. #2) On November 23, 2010, this case was referred to Magistrate Judge Ellis for general pretrial. (Dkt. #5)

       On January 23, 2012, Defendants submitted a letter motion to Judge Ellis seeking dismissal of this action for failure to prosecute. (Dkt. #59) On May 2, 2012, Judge Ellis issued a Report and Recommendation ("R&R") recommending that the Complaint be dismissed without prejudice in light of Plaintiff's repeated failures to cooperate with the discovery process and to comply with court orders, including an Order to Show Cause. (Dkt. #65)

       Objections to the R&R were due May 16, 2012. *See* Fed.R.Civ.P. 72(b)(2). Plaintiff failed to file objections prior to this deadline. Instead, on June 4, 2012, Plaintiff filed a Motion for Extension of Time to file an objection, which the Court granted. (Dkt. #s 67, 69) In granting Plaintiff's request for an extension, the Court set a firm deadline of August 13, 2012 and stated that Plaintiff faced dismissal if he failed to comply with this deadline. (Dkt. #69) Despite this

1

clear warning, Plaintiff did not make a submission until August 15, 2012. (Dkt. #70)

Plaintiff's August 15th submission does not contain objections to the R&R. (*Id.*) Instead, Plaintiff describes a larceny at his residence, which he reported to the police on April 27, 2012. (*Id.*) Nothing in Plaintiff's submission explains his failure to comply with the numerous court orders discussed in the R&R.

## STANDARD OF REVIEW

When a magistrate judge issues findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1). The court reviews *de novo* any portions of a magistrate judge's Report and Recommendation to which a party has stated a timely objection. *Id.* However, where no timely objection has been made, or where an objection is conclusory or unresponsive to the Report, the court need only review for clear error. *Jones v. Smith*, No. 09-cv-6469, 2012 WL 1592190, at *1 (S.D.N.Y. May 07, 2012); *Urena v. People of State of New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001).

## ANALYSIS

In light of Plaintiff's untimely and, in any event, unresponsive submission, the Court reviews the R&R for clear error. Upon review, the Court finds no clear error on the face of the record. Judge Ellis considered the appropriate factors on a motion to dismiss for failure to prosecute and documented numerous failures by Plaintiff to comply with court orders despite repeated warnings that such failures could result in dismissal. (Dkt. #65) Consequently, the Court adopts the R&R in its entirety.

## CONCLUSION

Having adopted the R&R in full, this action is dismissed without prejudice for failure to prosecute. The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated: November 20, 2012
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

COPIES MAILED TO PRO SE PARTY ON NOV 2 0 2012